760 N.W.2d 931 (2009)
277 Neb. 179
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
Willis G. YOESEL, respondent.
No. S-07-1192.
Supreme Court of Nebraska.
February 20, 2009.
*932 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
This case is before the court on the voluntary surrender of license filed by respondent Willis G. Yoesel. The court accepts respondent's surrender of his license and enters an order of disbarment.

FACTS
Respondent was admitted to the practice of law in the State of Nebraska on June 27, 1972. On June 30, 2008, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent.
The formal charges filed on June 30, 2008, allege that on November 26, 2002, on behalf of Dorothy M. Muse, respondent filed in the county court for Richardson County an application for informal probate of will and appointment of personal representative in the estate of Paul E. Jorn, Sr. On November 27, letters of personal representative were issued to Muse. Notice of the estate proceedings was published and thereafter numerous creditor claims were filed against the estate.
An inventory in the Jorn estate was not timely filed, and on May 19, 2003, the county court issued an order to show cause regarding the estate. The county court held a show cause hearing on June 11. At the hearing, the county court directed the personal representative to file an inventory by June 30. On July 8, respondent filed a short form inventory listing property individually owned by Jorn and property jointly owned by Jorn and Muse.
On March 10, 2005, the county court issued another order to show cause regarding the Jorn estate. A show cause hearing was held and the court directed the personal representative to file estate closing documents by May 31. Respondent failed to file the closing documents by May 31 and failed to inform the court why he could not timely file the documents.
On September 14, 2006, the court entered another order to show cause, and the show cause hearing was set for October 25. Respondent failed to attend the hearing. The hearing was rescheduled for December 6. At the hearing, the personal representative was directed to file closing papers and a proposed schedule of distribution by January 16, 2007. Respondent again failed to timely file any closing documents.
On February 14, 2007, the court issued another show cause order setting a show cause hearing for March 19. Again, respondent failed to attend the hearing. The court gave the personal representative until March 28, to hire a replacement counsel to complete the estate. Muse hired new counsel on March 27.
*933 On April 6, 2007, Counsel for Discipline received a grievance letter from Muse regarding the respondent. Muse alleged that she hired respondent in 2002 to handle the probate of the estate of Jorn but that respondent had not timely handled the estate proceedings, failed to attend one or more hearings, failed to timely provide Muse with her file materials so that she could give them to her replacement attorney, and failed to refund the unused portion of the advance she paid to respondent in 2002. A copy of Muse's grievance letter was mailed to respondent on April 9, 2007.
The Counsel for Discipline made repeated inquiries to respondent for information concerning Muse's grievances. Respondent failed to provide all the information requested by the Counsel for Discipline. In the formal charges filed against respondent, the Counsel for Discipline alleges that respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb.Rev.Stat. § 7-104 (Reissue 2007), and for the acts that occurred prior to September 1, 2005, respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102 (misconduct); Canon 6, DR 6-101 (failing to act competently); and Canon 9, DR 9-102 (preserving identity of funds and property of client). The formal charges further allege that for respondent's actions that occurred after September 1, 2005, he violated the following provisions of what are now codified as Neb. Ct. R. of Prof. Cond.: § 3-501.3 (diligence), § 3-501.15 (safekeeping property), and § 3-508.4 (misconduct).
Respondent answered the formal charges on September 22, 2008, and on October 9, this court appointed a referee. On December 19, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent stated that, for the purpose of his voluntary surrender of license, he knowingly does not challenge or contest the truth of the allegations in the formal charges. In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

ANALYSIS
Neb. Ct. R. § 3-315 provides in pertinent part:
(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.
Pursuant to § 3-315, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him in the formal charges. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

CONCLUSION
Upon due consideration of the court file in this matter, the court finds that respondent voluntarily has stated that he knowingly does not challenge or contest the truth of the allegations in the formal charges that he failed to address client matters, failed to attend court hearings, *934 and failed to preserve the identity of client funds and violated his oath of office as an attorney. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.
Judgment of disbarment.